Case 2:24-cv-01121-DAD-SCR   Document 9   Filed 04/22/25   Page 1 of 4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP CHRISTOPHER DISTIN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ARMY, et al.,<br><br>Defendants. | No. 2:24-cv-1121 SCR P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state inmate proceeding pro se, is pursuing a <u>Bivens</u> action and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. For the reasons set forth below, the undersigned finds the complaint is frivolous and recommends it be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, plaintiff's application to proceed in forma pauperis (ECF No. 3) is denied. See <u>Tripati v. First Nat'l Bank & Tr.</u>, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.")

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE COMPLAINT**[1]

Plaintiff is a state prisoner at High Desert State Prison ("HDSP"). (ECF No. 1.) Plaintiff alleges the U.S. Army has tortured him in his cell since 2018 with a military weapon laser. (Id. at 3.) The C.D.C. Director at HDSP has done nothing about it and has neglected his personal safety. (Id. at 4.) Plaintiff alleges defendants' actions violate his Eighth Amendment rights and seeks $10 million dollars. (Id. at 6.)

**DISCUSSION**

I.     **Plaintiff's Complaint is Frivolous**

The court finds that the complaint is legally frivolous for several reasons. First, the U.S.

---

[1] The filing is labeled "First Amended Complaint," but is the original complaint in the action.

2

1 Army is not a proper defendant. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Plaintiff has the burden of showing a waiver of immunity, Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (citation omitted), but has not done so here.

Second, while the C.D.C. Director – presumably a CDCR state official – can be a proper defendant under 42 U.S.C. § 1983 when sued in his personal capacity, see Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022), the underlying factual allegations are too fantastical to survive screening. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations omitted).

Finally, the allegations in the complaint are nearly identical to those raised in three of plaintiff's prior lawsuits dismissed at the screening stage pursuant to 28 U.S.C. § 1915A(b)(1):

(1) Distin v. U.S. Army, et al., No. 1:20-cv-0860 AWI SAB P (E.D. Cal.);

(2) Distin v. U.S. Army, et al., No. 2:23-cv-1369 WBS AC P (E.D. Cal.); and

(3) Distin v. U.S. Army, et al., No. 2:23-cv-1447 TLN AC P (E.D. Cal.)

A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation omitted); see also Denton, 504 U.S. at 30 (recognizing Congress' concern regarding IFP litigants "filing frivolous, malicious, or repetitive lawsuits") (emphasis). Therefore, the repetitive nature of plaintiff's complaint provides separate grounds to dismiss it as frivolous under § 1915(b)(1).

**II.     No Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear the complaint cannot

////

3

be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint is legally frivolous. The complaint lacks an arguable basis either in law or in fact and repeats the allegations of three other complaints dismissed at the screening stage pursuant to 28 U.S.C. § 1915A(b)(1). Given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is denied.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE